UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PETOSKEY INVESTMENT GROUP, L.L.C., | ) ) ) |
| Plaintiff, | ) ) Case No. 1:03-cv-378 |
| v. | ) ) **MEMORANDUM OPINION** |
| SPRINGVALE-BEAR CREEK SEWAGE DISPOSAL AUTHORITY, et al., | ) ) ) |
| Defendants. | ) ) |

Plaintiff, a developer of 91 acres of land in Bear Creek Township, Michigan, has brought this action against the Springvale-Bear Creek Sewage Disposal Authority arising from defendant's alleged refusal to permit plaintiff to connect to defendant's sanitary sewer system. Plaintiff asserts a claim under the Takings Clause of the Fifth Amendment, as well as substantive and procedural due-process claims and claims under the Constitution and statutes of the State of Michigan. This matter was formerly on the docket of the Honorable David W. McKeague, now a judge of the Sixth Circuit Court of Appeals. While he was still serving on this court, Judge McKeague entered an order in a closely related case, *Petoskey Investment Group, LLC v. Bear Creek Township*, case no. 5:03-cv-14, dismissing plaintiff's Takings Clause claims against the Township without prejudice on the ground that it was not ripe.

In the present case, the defendant Authority has moved for summary judgment, both on the merits of plaintiff's claims and on the alternative ground that the claims are unripe by virtue

of plaintiff's failure to exhaust state-court remedies, as required by *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). In response, plaintiff has filed a brief resisting dismissal of its claims on the merits and requesting an order of dismissal without prejudice, to allow plaintiff to exhaust its claims in the state courts. The defendant Authority has now responded to plaintiff's motion for a voluntary nonsuit, insisting that the court reach the merits of plaintiff's taking claim. Alternatively, defendant demands the imposition of costs and attorney's fees as a condition to voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2).

The Takings Clause of the Fifth Amendment prohibits appropriation of private property for public use unless just compensation is paid. Under the clear holding of the *Williamson County* case, any takings claim is not ripe until plaintiffs have sought just compensation by available state procedures. Similarly, claims for violations of substantive due process and procedural due-process claims ancillary to a takings claim are also subject to this ripeness requirement. *See Warren v. City of Athens, Ohio*, 411 F.3d 697, 708 (6th Cir. 2005). The Sixth Circuit has squarely held that Michigan law provides an adequate remedy for landowners alleging a regulatory takings claim. *See Seguin v. City of Sterling Heights*, 968 F.2d 584, 588 (6th Cir. 1992). The record in this case clearly demonstrates that plaintiff has not pursued an inverse condemnation in the state courts, as contemplated by the *Seguin* decision. Consequently, this court must conclude that plaintiff's Fifth Amendment takings claim, as well as its ancillary due-process claims, must be dismissed for lack of jurisdiction on ripeness grounds.

Defendant nevertheless insists in its reply brief that the court ignore ripeness and reach the merits of plaintiff's claims on a number of grounds. Defendant's position is hard to comprehend. If a matter is not ripe, then the district court lacks jurisdiction to proceed. *See Bigelow*

*v. Michigan Dep't of Natural Res.*, 970 F.2d 154, 157 (6th Cir. 1992) ("If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed."). A very recent decision of the Sixth Circuit Court of Appeals demonstrates that this court would err in pursuing the route suggested by defendant. In *Peters v. Fair*, ___ F.3d ___ , No. 05-5499 (6th Cir. Oct. 28, 2005), the Court of Appeals found that a takings claim was unripe and that the lower court therefore lacks jurisdiction over it. However, the district court improperly dismissed plaintiff's claims with prejudice, apparently ignoring the ripeness issue. The Court of Appeals reversed, finding that, in light of the lack of ripeness, the takings claim and due-process claim "should have been dismissed without prejudice, thereby allowing the plaintiff to reassert this claim, should it become ripe in the future." (Slip Op. at 3). Under the square holding of *Peters*, this court would exceed its jurisdiction by reaching the merits of plaintiff's claims.

Defendant's demand for costs as a condition of voluntary dismissal is also without merit. In these circumstances, where plaintiff actively seeks a negotiated resolution of its claim and ultimately acquiesces in one form of relief demanded by defendant, the court sees no basis for a punitive imposition of costs and fees as a condition of voluntary dismissal.

An order will enter granting plaintiff's motion for a voluntary dismissal of all federal claims without prejudice. (docket # 132). The court will decline to exercise to pendent jurisdiction over any remaining state claims, thereby allowing plaintiff to pursue all its claims in the state courts. Defendant's motion for summary judgment on the merits (docket # 129) will be dismissed as moot.

Date:   November 2, 2005           /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE